IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC DESHUN WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:12-cv-3755-P-BN |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Eric Deshun Williams, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice.

**Background**

On August 16, 2012, Petitioner filed a handwritten application for writ of habeas corpus which appears to challenge his 1997 conviction for attempted murder. *See* Dkt. No. 3. However, Petitioner did not file his habeas petition on a court-approved form, pay the statutory filing fee, or properly seek leave to proceed *in forma pauperis*. By order dated September 20, 2012, the Court notified Petitioner of these deficiencies and warned that the case would be dismissed unless he filed a proper Section 2254 application and either paid the filing fee or filed a form motion to proceed *in forma pauperis* within 20 days. *See* Dkt. No. 4. No action was taken in response to that order.

On October 24, 2012, the Court gave Petitioner another 20 days to file a proper habeas petition and either pay the filing fee or seek leave to proceed *in forma pauperis* on a court-approved form, and reminded him that the failure to do so "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." Dkt. No. 5. That order also was ignored. Recognizing that dismissal under Rule 41(b) might effectively bar Petitioner's claims because of the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court provided one last chance for Petitioner to pay the filing fee or seek to proceed *in forma pauperis* and to file a proper habeas petition to set forth his claims. *See* Dkt. No. 6. Again, Petitioner has not responded.

The Court now determines that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b).

**Legal standards**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*,

975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Petitioner has not filed a proper habeas petition, paid the statutory filing fee, or sought leave to proceed *in forma pauperis* on a court-approved form. Until he does so, this litigation cannot proceed. Petitioner was notified of these deficiencies on three separate occasions and warned that the failure to file an amended petition and either pay the filing fee or file a form motion to proceed *in forma pauperis* would result in the dismissal of his case. *See* Dkt. Nos. 4, 5, & 6. All three orders have been ignored. Under these circumstances, dismissal is clearly warranted. *See Blair v. Quarterman*, No. 3:06-cv-2388-N, 2007 WL 867238, at *1 (N.D. Tex. Mar. 22, 2007) (dismissing habeas proceeding without prejudice after petitioner failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*); *see also Lattimer v. Dretke*, No. 3:05-cv-2370-M, 2006 WL 385126, at * 1 (N.D. Tex. Jan. 25, 2006) (same), *rec. adopted*, (N.D. Tex. Feb. 15, 2006).

The Court recognizes that dismissal of this habeas petition – which was brought over 15 years after Petitioner's conviction – may have the result of barring Petitioner's claims under the AEDPA's statute of limitations. However, a habeas action may not proceed until Petitioner pays the filing fee or receives permission to proceed *in forma pauperis*. Similarly, the Court cannot consider Petitioner's allegations until they are filed on a form habeas petition and further clarified. Petitioner has failed to do so. Moreover, the Court notes that it was Petitioner who chose to raise these claims 15 years after his conviction, and Petitioner has provided no assistance to the Court in its

attempt to consider them. In fact, Petitioner has had no contact with the Court since he filed his motion on August 16, 2012. That is a "significant period[] of total inactivity by plaintiff," despite "repeated warnings that dismissal would result from continued failure to proceed properly." *Ramsay v. Bailey*, 531 F.2d 706, 709 (5th Cir. 1976). Under these circumstances, the Court finds that this conduct – particularly because it prevents the case from proceeding at its very inception – constitutes purposeful delay and contumaciousness and that lesser sanctions would be futile.

**Recommendation**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 1, 2013

                                            _____
                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE